IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES DWYER,<br><br>              Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>     Civil Action<br>  No. 13-7218 (JBS)<br><br>  [Cr. No. 03-155 (JBS)]<br><br>  **MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

        This matter comes before the Court on the parties'
responses to the Court's January 16, 2014 Order to Show Cause
[Docket Item 2] and upon the Respondent United States' motion to
dismiss [Docket Item 7]. On December 2, 2013, Petitioner James
Dwyer filed a petition to vacate, set aside, or correct his
sentence pursuant to 28 U.S.C. § 2255. [Docket Item 1.] Rule 4 of
the Rules Governing § 2255 Proceedings mandates that the Court
"must promptly examine" a § 2255 petition and "[i]f it plainly
appears from the petition . . . that the petitioner is not
entitled to relief . . ., the judge must dismiss the petition . .
. ." Upon initial review, it appeared that the petition did not
fall within the one-year limitation period that applies to § 2255
petitions. The January 16, 2014 Show Cause Order instructed
Petitioner to "SHOW CAUSE in writing . . . why this Court should

1

not dismiss his Petition for failure to comply with the one-year limitation period." [Docket Item 2 at 3.] The Court has reviewed the parties' submissions and holds that Dwyer's petition is not timely and must be dismissed. The Court finds as follows:

1. After a jury trial, Petitioner was convicted of bank fraud, wire fraud, and bankruptcy fraud and, on June 15, 2005, the Court sentenced him to 108 months imprisonment, five years supervised release, and $17,469,284.00 in restitution. [Crim. No. 03-155, Docket Item 148.] Dwyer appealed his conviction, and the Third Circuit affirmed on July 20, 2012. United States v. Dwyer, 493 F. App'x 313 (3d Cir. 2012). He then petitioned the Supreme Court for a writ of certiorari, which was denied on November 26, 2012. Dwyer v. United States, 133 S. Ct. 675 (2012). Petitioner's attorney gave him a copy of the order denying certiorari and notified him of the one-year deadline for filing a habeas petition on December 4, 2012. [Docket Item 3 at 18-19.] The United States represents, and Petitioner does not dispute, that he was released from prison in June 2013. Petitioner mailed his § 2255 petition on November 27, 2013, i.e., after his release from prison, and it was filed by the Court on December 2, 2013.

2. Petitioner responded [Docket Item 3] to the Court's show cause order. Respondent obtained an extension [Docket Item 6] and then filed a combined motion to dismiss and response to the show cause order [Docket Item 7]. Petitioner filed two more briefs. [Docket Items 8 & 9.]

3. Petitioner argues that he is entitled to the prison mailbox rule; that his petition was timely filed; and that the one-year limitation should be tolled due to exceptional circumstances.[1] Respondent contends that the prison mailbox rule does not apply; the petition was untimely and should be dismissed; and there is no basis for equitable tolling.

4. Section 2255 mandates "[a] 1-year period of limitation," which runs from "the date on which the judgment of the conviction becomes final." 28 U.S.C. § 2255(f). If a petitioner seeks a writ of certiorari, then "[f]inality attaches when th[e] [Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari . . . ." Clay v. United States, 537 U.S. 522, 527 (2003). Here, Petitioner's conviction became final upon the Supreme Court's denial of certiorari on November 26, 2012.

5. "Because the habeas statute provides no method for computing the time period, the Federal Rules of Civil Procedure govern and provide that the one-year period runs from the day after the event triggering the limitation period." Brown v. United States, Civ. No. 10-2784 (JBS), 2011 WL 2148181, at *1 ¶ 4 (D.N.J. May 31, 2011) (citations omitted). Rule 6(a) of the Federal Rules of Civil Procedure governs computing time and directs that "[w]hen

---

[1] Petitioner also emphasizes that the Show Cause Order did not mention that he submitted a writ of certiorari to the Supreme Court. This Opinion uses the date that the Supreme Court denied certiorari to assess the petition's timeliness. Dwyer's argument about the Show Cause Order's deficiency is moot.

the period is stated in days or a longer unit of time: exclude the

day of the event that triggers the period; count every day,

including intermediate Saturdays, Sundays, and legal holidays; and

include the last day of the period, but if the last day is a

Saturday, Sunday, or legal holiday, the period continues to run

until the end of the next day that is not a Saturday, Sunday, or

legal holiday."

6. For a one-year limitation period, the expiration date is

the anniversary of the triggering event: "In non-leap years, . . .

one counts beginning on the day after the event up to 365. The

resulting end date is the anniversary of the event." Brown, 2011

WL 2148181 at *1 ¶ 4. Therefore, "a motion presented to the court

on the anniversary date of a triggering event is timely, since a

year from a date is the day before the anniversary date, but Rule

6(a) extends it by a day." Id.; see also United States v. Hurst,

322 F.3d 1256, 1261 (10th Cir. 2003) ("A motion presented to the

court on the anniversary date of a triggering event is within the

'1-year period of limitation' set out in § 2255 . . . ."); United

States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) ("The

first day of the 1-year limitation period is the day after the

Supreme Court denies certiorari, giving defendants until the close

of business on the anniversary date of the certiorari denial to

file their habeas motion.")).

7. Dwyer's petition was not timely filed. Counting for

statute of limitations purposes began on November 27, 2012, the

day after the Supreme Court denied certiorari, and the limitation

period expired 365 days later on November 26, 2012. See, e.g.,

Brown, 2011 WL 2148181 at *1 ¶ 4 (determining statute of

limitations end date and finding: "the Supreme Court denied

certiorari on May 26, 2009. Under Rule 6(a), the Court counts to

365 starting with May 27, 2009. Day 365 is May 26, 2010.").

Dwyer's petition was filed on December 2, 2013, after the

limitations period expired on November 26, 2012. That expiration

date, i.e., November 26, 2012, was a Tuesday and not a legal

holiday. Dwyer's petition was late.

    8. Petitioner argues that he is entitled to "an additional

(3) three days to respond if one is served via any means other

than personal service." [Docket Item 9 at 4.] Fed. R. Civ. P. 6(d)

specifies that "When a party may or must act within a specified

time after service and service is made under Rule 5(b)(2)(C), (D),

(E), or (F), 3 days are added after the period would otherwise

expire under Rule 6(a)." Rule 5 covers "Serving and Filing

Pleadings and Other Papers," and it governs service of the

following: orders stating that service is required; pleadings;

discovery papers; written motions; and written notices,

appearances, demands, or offers of judgment. Fed. R. Civ. P.

5(a)(1). Rule 5's service requirements do not apply to the Supreme

Court's denial of certiorari and, therefore, Dwyer is not entitled

to an additional three days.

9. Petitioner contends that his § 2255 petition should be deemed filed on November 27, 2013, the date he delivered his petition to the post office to be mailed. He argues that the prison mailbox rule should apply because "precedent had been set with the petitioner, while incarcerated at Ft. Dix Camp, that the date when the post office at Ft. Dix received Dwyer's motion was always the date of receipt by the Court." [Docket Item 3 at 4-5.] Under the prison mailbox rule, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing . . . ." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). The rationale for the rule is that "pro se prisoners have no control over delays between the prison authorities' receipt of the notice and its filing, and their lack of freedom bars them from delivering the notice to the court clerk personally." Houston v. Lack, 487 U.S. 266, 273-274 (1988). In this case, however, Dwyer was no longer incarcerated when he mailed his petition and, thus, he was not restricted by the same lack of control as pro se prisoners. Indeed, he had been out of prison for five months when he mailed his petition. Consequently, Petitioner is not entitled to the application of the prison mailbox rule. See Gross v. U.S. Dep't of Justice, Civ. 11-2023, 2012 WL 3020089, at *2 n.2 (N.D. Tex. May 31, 2012) ("Because Plaintiff . . . was no longer in custody when he mailed his complaint . . ., the prison mailbox rule does not apply to him").

Dwyer's petition was correctly deemed filed on December 2, 2013,
the date it was received by the Clerk's Office.

  10.Even if the prison mailbox rule did apply to Petitioner,
his § 2255 petition was still untimely because it is postmarked
November 27, 2013. Petitioner asserts that the limitation period
"began on 11/27/12 and would normally expire on 11/28/12." [Docket
Item 3 at 3.] This assertion is incorrect. The Supreme Court
denied certiorari on November 26, 2012. Under Rule 6(a), the Court
counts to 365 starting with November 27, 2012. Day 365 is November
26, 2013. Thus, the limitation period expired on November 26,
2013, and the petition was late even if it was filed on November
27, 2013.

  11.Petitioner contends that the Court should excuse his
lateness, but the Court can equitably toll the limitations period
only under certain circumstances. The Supreme Court has emphasized
that a petitioner "is entitled to equitable tolling only if he
shows (1) that he has been pursuing his rights diligently, and (2)
that some extraordinary circumstance stood in his way and
prevented timely filing." Holland v. Florida, 560 U.S. 631, 649
(2010) (citations omitted). "The petitioner must show that he or
she exercised reasonable diligence in investigating and bringing
[the] claims. Mere excusable neglect is not sufficient." Miller v.
New Jersey State Dep't of Corr., 145 F.3d 616, 618–19 (3d Cir.
1998) (citations omitted). The "reasonable diligence" requirement
applies to pro se petitioners. See Brown v. Shannon, 322 F.3d 768,

774 (3d Cir. 2003) (dismissing habeas petition that was filed

late, even though petitioner's counsel had terminated the

representation with one month left in limitations period because

petitioner could have "fil[ed] at least a basic pro se habeas

petition").

12. Petitioner gives several reasons for the delay in filing

his petition, none of which are an "extraordinary circumstance."

Furthermore, he has not shown reasonable diligence in pursuing his

rights.

13. Petitioner argues that his reliance upon the prison

mailbox rule caused his lateness. That reason does not justify

equitable tolling because "[t]he fact that [petitioner] simply

misunderstood the time in which he could file his motion with the

court does not rise to the level of an 'extraordinary

circumstance.'" United States v. Wilks, Crim. 04-0287, 2009 WL

3633779, at *1 n.3 (M.D. Pa. Nov. 2, 2009).

14. Petitioner also explains that he is lives on social

security, limited part-time salary, and limited monthly cash gifts

from family and friends, and he waited to receive his social

security check in order to pay for mailing and copying his

petition. [Docket Item 3 at 5.] In analyzing whether the

circumstances a petitioner faced were extraordinary, "the proper

inquiry is . . . how severe an obstacle it is for the prisoner

endeavoring to comply with [the] limitations period." Pabron v.

Mahanoy, 654 F.3d 385, 400 (2011) (citation omitted) (emphasis in

original). In <u>Pabron</u>, the Third Circuit held that equitable tolling was appropriate when an inmate did not speak, read, or write English; had no access to Spanish-language legal materials or translation services; had repeatedly sought legal and translation assistance; and had filed his petition once he found a bilingual inmate to help him. Essentially, the <u>Pabron</u> petitioner showed that his circumstances were an extraordinary obstacle to filing the petition without assistance and that he had diligently sought to pursue his legal rights despite the language barrier.

15. In this case, Petitioner has not shown that he diligently sought to overcome financial hardship. Moreover, Petitioner has not explained why he could not have mailed his petition when he received his social security checks or part-time salary prior to November 2012. His mailing and copying costs for his 41-page petition are insubstantial, and in any event, he managed to do so. Equitable tolling is not warranted because Petitioner's claim of financial hardship was not an extraordinary circumstance and because Petitioner has not shown that he was reasonably diligent. See <u>Koenig v. McVey</u>, Civ. 10-258, 2011 WL 4389589, at *1 n.2 (E.D. Pa. Sept. 21, 2011) (petitioner's "alleged financial inability to hire counsel until almost a year after the AEDPA filing deadline does not entitle him to equitable tolling of his petition").

16. Petitioner also contends that he could have expedited the mailing of his petition by borrowing money, if he had known of the impending deadline. As noted previously, the fact that Petitioner

simply misunderstood the time in which he could file his petition
is not an "extraordinary circumstance."

17. In addition, Petitioner notes that his appeal underwent a
lengthy delay. "What normally takes one year to receive an answer
took (7) seven years . . . caused by counsels' seeking of
continuous extentions [sic]." [Docket Item 3 at 7-8.] Even if
there was a delay in processing the appeal, Petitioner has not
shown that this delay caused his untimely habeas filing. A
petitioner must show that "some extraordinary circumstance stood
in his way and prevented timely filing." Holland, 560 U.S. at 649
(citation omitted). Petitioner's appeals process concluded before
the statute of limitations process began to run; there were no
delays during the one-year period that Petitioner had to file his
petition. Delays in the appeals process are not grounds for
equitable tolling because they did not prevent Petitioner from
timely filing his petition.

18. In addition, Petitioner argues that he was unaware that he
could potentially be appointed counsel to represent him for his §
2255 proceeding. Petitioner asserts that the "quality of [his
petition] quite possibly would have been better" if he had been
appointed counsel. [Docket Item 3 at 7.] The issue is not whether
the petition is of sufficient quality; the issue is whether it was
timely, and it was not.

19. "The sole remaining possible basis for equitable tolling
would be a claim of actual innocence." Brown, 2011 WL 2148181 at

10

*2 ¶ 7. "To establish actual innocence, a habeas petitioner must persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Sweger v. Chesney, 294 F.3d 506, 522 (3d Cir. 2002) (citations omitted). A petitioner must support his actual innocence claim "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Id. at 523 (citations omitted) (emphasis in original). Dwyer's petition does not present new reliable evidence. Instead he argues that his attorney did not discuss or promote plea bargaining; he suffered ineffective assistance of counsel, especially because he hired Emmett Fitzpatrick, Jr., but that attorney's son, Emmett Fitzpatrick III, handled the trial; he asserts that Fitzpatrick, Jr., was suffering from Alzheimer's; that counsel refused to use his expert witness; that the Court erroneously admitted evidence of prior bad acts; and that one trial witness lied. None of these arguments present new reliable evidence of innocence and, therefore, they do not warrant equitable tolling.

20. In conclusion, the Court finds that the one-year statute of limitations period expired on November 26, 2013, and the petition was filed on December 2, 2013. Dwyer's habeas petition was not timely. None of the reasons he gives for his delay are an "exceptional circumstance"; he did not exercise reasonable diligence in bringing his claims; and he did not present new

11

reliable evidence of actual innocence. The limitation period will not be equitably tolled. The United States' motion to dismiss for untimeliness will be granted and Dwyer's petition will be dismissed.

21. An accompanying Order will be entered. The Court will not issue a certificate of appealability.


**_June 9, 2014_____**                          **s/ Jerome B. Simandle___**
Date                                            JEROME B. SIMANDLE
                                                Chief U.S. District Judge